FRANK F. CARPENTER vs. LINUS LOGEE.

PROVIDENCE—JULY 29, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Trespass Quare Clausum.  Pleading.  Possessory Title.*

In an action of trespass *quare clausum* the close was unoccupied wood-
land.  It appeared that plaintiff took his deed in 1879, entered upon the
land, and went over it.  He visited the land three or four times, and sent
his representative upon it several times.  For about thirty years he
knew of no one else in possession or claiming possession.  He had the
land surveyed and platted, and when in 1890 he heard that persons were
cutting wood there, sent a representative to forbid it :—

*Held,* that, considering the nature of the land, plaintiff showed a sufficient
title to support a judgment on the general issue, independent of the ad-
mission of possession and acts of trespass implied in a plea of *liberum
tenementum* also filed by defendant.

(2) *Trespass Quare Clausum.  Constructive Possession.*

A constructive possession may avail a plaintiff in trespass *quare clausum*
who enters under a title which purports to convey the entire tract ; but
where the absolute title to an entire tract is in question, the constructive
possession of a defendant entering under a similar title may equal that
of the plaintiff.  The plaintiff's title, however, if *prima facie* sufficient,
will stand until overcome by a better title.

TRESPASS QUARE CLAUSUM.  Heard on petition of plaintiff
for new trial, and petition granted.

(1)    STINESS, C. J.    This is an action of trespass in which the
plaintiff claims that he is the owner of a tract of woodland in
Burrillville, upon which the defendant trespassed by cutting
trees and carrying away wood.

The defendant pleaded the general issue ; soil and freehold
in himself ; and the statute of possession.

Judgment having been given for the defendant, the plain-
tiff petitions for a new trial because, the decision of the court
being that the defendant has not sustained his plea of adverse
possession, and that he has not sustained his plea of *liberum
tenementum,* the plaintiff was thereby entitled to a judgment ;
and also because the decision was against the evidence in fur-

384 CARPENTER *v.* LOGEE. [24

ther deciding that the plaintiff had not proven his possession of the place where the supposed trespasses were committed.

. The accepted rule in a plea of *liberum tenementum* is that it admits the possession of the plaintiff and the committing of the acts complained of, and that the burden rests upon the defendant setting up the plea to justify his acts by a preponderance of testimony. *Wilbur* v. *Peckham*, 22 R. I. 284; *City of Providence* v. *Adams*, 10 R. I. 184; 2 Greenl. Ev., 16th ed. § 626.

Upon that plea the plaintiff is entitled to recover, if the defendant fails to show title according to his plea.

Under the general issue the plaintiff is required only to prove possession at the time of the trespass. *Sayles* v. *Mitchell*, 22 R. I. 238.

It appears from the decision of the trial judge that the defendant, in argument, disclaimed title to lot A., except a small triangle on the southwest corner of the lot. To that lot, of about one hundred acres, as appears by plat, the plaintiff therefore has title and, as to the defendant, admitted possession.

Does the finding that the plaintiff had not proven possession of the place where the alleged trespass was committed entitle the defendant to a judgment? We think not. The title in question involved the whole close described in the declaration. It is unoccupied woodland, with regard to which proof of actual possession must generally be of a very slight character. In this case it appeared that after the plaintiff took his deed, in 1879, he entered upon the land and went over it. It is not fenced or cultivated, and there are no buildings on it. He appears to have taken all the possession that any one would be likely to take of such land. He visited the land three or four times, and sent his representatives upon it several times. For about thirty years he knew of no one else in possession or claiming possession. He had the land surveyed and platted, and when, about January, 1900, he heard that persons were cutting wood there, he sent a representative upon the land to forbid it. While these acts are not strong in themselves, since they necessarily leave much room for others to assert an equal possession, still they are within the rule apparently approved by the court

in *New Shoreham* v. *Ball*, 14 R. I. 566, that "to constitute an *actual* possession it is enough if the demanded premises are used and occupied as they are fitted from their nature to be used and occupied." In that case the land in dispute was a long tract of beach called East Beach, and the court held that it was not necessary for the plaintiff town to show that the possession of its lessees was continuous, in the sense of their being on the premises all the time, and that if the lessees were in possession of any part of said East Beach under the votes, it might be considered that they were in possession of the whole for the purpose of acquiring title by possession by the town. It is to be noted that *New Shoreham* v. *Ball* was an action of trespass and ejectment, where the plaintiff must show title in himself, while the present case is trespass *quare clausum*, where a possessory title is sufficient. The court also pointed out that the cases relied on by the defendant went only to show that as against the legal owner no one can acquire title by possession to an entire tract of land by merely entering into possession of and occupying a part of it, unless he enters and occupies under a deed or some other writing which purports to give him title to the whole. The plaintiff was clearly within this latter exception; also within the rule that possession of a part of a close will be deemed to be possession of the whole close, and also as to the character of the possession with reference to the nature of the land. He therefore showed a sufficient title to support a judgment on the general issue, independently of the admission of possession and acts of trespass implied in a plea of *liberum tenementum*.

The case has been argued before us, and probably so before the trial judge, upon the ground of a constructive possession following title under the deeds, and thus attention may have been diverted from the points raised by the pleadings; and the point was pertinent to the question before the trial judge, whether either party proved title by deed or adverse possession.

But with the finding that the defendant failed on both these points, it follows that the decision should have been for the plaintiff.

(2) The trial seems to have turned upon the constructive posses-

sion under the respective deeds.    As stated above, constructive possession may avail a plaintiff in trespass *quare clausum* who enters under a title which purports to convey the whole tract ; but where the absolute title to an entire tract is in question, the constructive possession of a defendant entering under a similar title may equal that of the plaintiff.    The plaintiff's title, however, if *prima facie* sufficient, will stand until overcome by a better title.

Both sides seem to have relied on an absolute title to the whole tract, and the title under the pleadings seems to have been overlooked.

For this reason we think a new trial should be ordered, rather than a judgment on the findings.

*Charles A. Wilson and George B. Barrows*, for plaintiff.
*Irving Champlin and James Harris*, for defendant.